IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


BRENDA CARPENTER                                                PLAINTIFF

vs.                                    Civil No. 6:25-cv-06069

FRANK BISIGNANO                                                 DEFENDANT
Commissioner, Social Security Administration


### MEMORANDUM OPINION

Brenda Carpenter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA").   On January 21, 2026,

Defendant filed a Motion for Reversal and Remand and Brief in Support.  ECF Nos. 13, 13-1.[1]

The Plaintiff has responded and objects to this Motion.  ECF No. 15, 16.  A hearing was held on

April 28, 2026.  ECF No. 18.

The parties have consented to the jurisdiction of a magistrate judge to conduct all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

### 1.  Background

Plaintiff's disability claim has a long and complicated history.   Plaintiff applied for

Disability Insurance Benefits ("DIB") on June 30, 2004.  (Tr. 15).  Plaintiff received a Notice of

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript
pages for this case are referenced by the designation "Tr."

1

Award and was found disabled as of January 2, 2003. (Tr. 103-106). Plaintiff began receiving Disability Insurance Benefits on July 7, 2003. *Id.*

In June 2017, allegations of fraud, related to Plaintiff's work history, were reported and investigated by the Administration Office of Inspector General ("OIG"). (Tr. 15). As a part of this investigation, Plaintiff acknowledged working as a contract employee from 2003 through 2012 at a medical clinic. (Tr. 113-114). Plaintiff also admitted to fraudulently writing medical prescriptions after she left working at the clinic. *Id.*

On July 27, 2018, Plaintiff was notified that a review of her earnings from January 2003 through July 2011 showed she was not eligible for disability benefits due to substantial gainful activity ("SGA") within one year of receiving benefits. (Tr. 122-124). Plaintiff disputed this finding on August 8, 2018. (Tr. 139-140). On September 29, 2018, Plaintiff was notified of the finding that she was overpaid disability benefits in the amount of $155,065.60 based on concealment of work activity. (Tr. 150-153). Plaintiff received later notice that based on a finding of fault, her benefits would be withheld until the overpayment was recovered. (Tr. 223-225). Plaintiff would appeal these findings, and the ALJ issued an unfavorable final decision on April 19, 2022, which found Plaintiff liable for the repayment of benefits in the amount of $155,065.60 for the period of August 1, 2003 through October 1, 2012. (Tr. 79-82).

Following the Appeals Councils denial, (Tr. 87-92), Plaintiff appealed the ALJ's decision to the United States District Court for the Western District of Arkansas. Defendant, Social Security Administration, later moved for a reversal and remand of the final administrative decision pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 93-94). On December 1, 2023, Plaintiff's case was reversed and remanded for further proceedings. (Tr. 95).

Following the Court's remand, the Appeals Council entered an Order on March 27, 2024, remanding the case to the ALJ. (Tr. 98-100). Pursuant to this detailed order, the ALJ was to further evaluate the period, amount, and fact of the overpayment based on the earning information in the file. *Id.* Also, the ALJ was to further evaluate whether Plaintiff was with or without at fault in causing the overpayment. *Id.* Finally, if Plaintiff was found to be without fault, the ALJ was to determine if the recovery of the overpayment would defeat the purpose of the Act or be against equity and good conscience. *Id.*

Upon remand, Plaintiff had an administrative hearing on March 21, 2025. (Tr. 61-68). Following the administrative hearing, on April 25, 2025, the ALJ entered an unfavorable decision. (Tr. 15-23). This new decision was nearly identical to prior decision and found Plaintiff was (1) overpaid benefits in the amount of $155,065.60 during the period August 1, 2003, to October 1, 2012, (2) at fault in causing the overpayment, and (3) recovery of the overpayment was not waived. *Id.*

Following the ALJ's unfavorable decision, Plaintiff filed the present appeal on July 23, 2025. ECF No. 2. On January 21, 2026, Defendant filed a Motion for Reversal and Remand which Plaintiff opposes. The Motion was heard for argument on April 28, 2026.

## 2. Discussion

According to Defendant, after further consideration and review of the administrative law judge's decision and the certified administrative record, the Commissioner respectfully requests a remand so further administrative proceedings may be conducted. ECF No. 13.

While the Court finds merit in the motion and agrees with the relief requested, it wishes to acknowledge the frustration expressed by Plaintiff regarding the procedural handling of this

matter.  The Court understands these concerns regarding the delays, but concludes that granting the motion is the necessary and appropriate path forward at this juncture.

## 3.  Conclusion

Based on the pleadings and arguments of the parties, Defendant's Motion for Reversal and Remand  (ECF No. 13) is **GRANTED,** and the Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Upon remand the Court also Orders the following:

(1) The Appeals Council shall assign this matter to a new Administrative Law Judge,

(2) Plaintiff's retirement benefit payments shall be restored if currently being withheld, and

(3) The ALJ's final decision on this matter shall be made within 180 days of this Order.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this  **1st day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

4